MARTHA B. DILLIARD et al. *vs.* PERMILIA CONNOWAY et al.

D. made his last will and testament, by which he bequeathed his entire estate, both real and personal, to his wife during her natural life, provided she remained single; but in the event of her marriage, his (D.'s) will declared that the real estate should be divided equally between his wife and his brother, J. D. After the death of D., his wife married again; and it is *held*, the failure of Mrs. D. to perform the condition subsequent, only divested her of the life estate in one half of the lands bequeathed.

As D. was disposing of his property by will, it is presumed that if he had intended that his personal property should divest upon the subsequent marriage of his wife, he would have so expressed it.

ON appeal from the probate court of Marshall county; Hon. B. G. Lawrence, judge of the probate court.

In January, 1847, Lewis Dilliard, of Marshall county, departed this life, having first published his last will and testament, devising his property to his wife. The particular clause of the will that is to be construed by the court is as follows:—

"Second. In order to provide for my dearly beloved wife, Permilia Dilliard, I hereby bequeathe to her, during her natural life, all that portion of land known as the north half of section

one, town six, and range four west of the basis meridian of the Chickasaw session, Mississippi, with all the improvements thereon; also, the whole of my perishable property, negroes, stock, farming utensils, and other personal property, provided she remains single; but, in the event of her marrying, I wish the above named landed premises divided equally between her and my brother, John Dilliard, as soon as she changes her widowhood."

Permilia Dilliard was appointed by the will as sole executrix. She proved the will, and obtained letters testamentary upon it, without renouncing the provision therein made for her; and, more than six months after the probate of the will, she intermarried with one Connoway. Lewis Dilliard died without children, but left brothers and a sister. His brother, John Dilliard, mentioned in the will, died soon after the marriage of the widow of Lewis, leaving two minor children, who united with the surviving brothers and sister of Lewis Dilliard in a petition to the probate court of Marshall county, praying that the land mentioned in the will, might be divided as directed by the will; and that, upon the ground that Mrs. Connoway took only an estate during her widowhood in the personal estate of the testator, under the will, that estate might be ordered to be distributed among the petitioners, as the heirs at law of the testator.

Mrs. Connoway answered, claiming that, upon the face of the will, she was entitled to an estate for life in the personalty; or, if she was mistaken in that opinion, then that she was entitled, absolutely, to a dower interest of one half in the property, as in cases of intestacy.

Upon the hearing in the probate court, the defendants offered certain oral testimony, which the petitioners objected to as illegal; but the objection was overruled, and the testimony admitted by the court, to which exceptions were taken. The defendants then offered to read the deposition of John B. Fant, in order to prove the intention of the testator prior to the execution of the will. This was also objected to by the petitioners, and the objection was sustained by the court.

It was thereupon decided by the court that the land should be divided as directed in the will; but that Mrs. Connoway

took an estate for life in the personal property; and, therefore, that the prayer of the petitioners for a distribution of that property should be denied. From this decision the petitioners appealed.

*Stearns* and *Harris*, for appellants, contended, the decision of the court below was error, and to sustain their position cited 1 Greenl. Evid. § 287, and note 3; 4 Ves. 312; 2 Vern. 327. The widow elected to take under the will, and, in the language of this court, " she must abide by the consequences." 14 S. & M. 16.

. *Walter* and *Scruggs*, for appellees, in reply, cited Wigram on Wills, 5, 96, 215; 2 Russ. & M. 689; 1 Greenl. Evid. § 288; *Guy* v. *Sharp*, 1 Mylne & Keen, 589; 7 Con. Eng. Ch. R. 184–186; *Smith* v. *Bell*, 6 Pet. 75.

We particularly refer to Wigram's 5th construction of wills.

Mr. Justice YERGER delivered the opinion of the court.

Lewis Dilliard made his last will and testament, in which the following bequest is contained: "In order to provide for my dearly beloved wife, Permilia Dilliard, I hereby bequeathe to her, during her natural life, all that portion of land known as the north half of section one, town six, and range four west of the basis meridian of the Chickasaw cession, Mississippi, with all the improvements thereon; also, the whole of my perishable property, negroes, stock, farming utensils, and other personal property, provided she remain single; but in the event of her marrying, I wish the above named landed premises divided equally between her and my brother, John Dilliard, so soon as she changes her widowhood."

The widow married again, and it is conceded that she thereby forfeited her life estate in one half of the land. The appellants insist that she thereby also divested herself of all interest in the personal property.

We do not think this result follows from a fair construction of the will. It will be seen that the entire estate of the husband, both real and personal, was bequeathed to the wife

during her natural life, provided she remained single. On the death of the husband, this estate vested in her. Was it the intention of the husband that the entire estate should be divested in the event of her marriage? The will clearly and satisfactorily shows that it was not. Because in it the husband declares what forfeiture shall take place, and what portion of the estate shall be divested by that event. "But in the event of her marrying, I wish the above named landed premises divided equally between her and my brother, John Dilliard, as soon as she changes her widowhood." That she shall remain single was not a condition precedent to the vesting of the estate. It vested immediately on the death of the husband, and we are satisfied that the husband intended that the effect of a failure to perform the condition subsequent, should only be to divest her of the life estate in one half of the lands. This view of the case is the more obvious, from the fact that he bequeathes one half the real estate to his brother on the event of her marriage, but makes no disposition of the personalty, which we must presume he would have done, as he was disposing of his property by will, if he had intended that the wife's life estate in it should also be divested by the marriage.

It is not necessary to decide whether the parol evidence in the record was admissible or not. Its admission did not prejudice the rights of the appellants; for in the view we have taken, the will, on its face, justifies the decree of the court below.

Decree affirmed.